

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-1994

# Fontroy, et al v. Owens, et al

Precedential or Non-Precedential:

Docket 91-2070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Fontroy, et al v. Owens, et al" (1994). *1994 Decisions.* Paper 7.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/7

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 91-2070


DERRICK FONTROY, et al.

v.

DAVID S. OWENS; IRENE J. PERNSLEY;
GAETANO CURIONE; HARRY MOORE

Derrick Dale Fontroy, I,
                          Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 86-04958)


Submitted February 22, 1993

Decided February 25, 1993

Certiorari Granted January 10, 1994

On Remand from the Supreme Court of the United States
January 10, 1994

Submitted March 14, 1994

BEFORE:  SLOVITER, Chief Judge, MANSMANN and
SCIRICA, Circuit Judges

(Opinion filed   May 4, 1994 )

David Ferleger
Philadelphia, PA  19103

        Counsel for Appellant

Marie C. Lasota
Office of City Solicitor
Philadelphia, PA  19102

        Counsel for Appellees


1

SLOVITER, Chief Judge.

This case is before us on remand from the Supreme Court which vacated our order affirming the district court's grant of summary judgment to the defendant-appellees David Owens, Irene Pernsley, Gaetano Curione and Harry Moore in the suit filed by Derrick Dale Fontroy.

## I.

The case began in August 1986 when Fontroy, a prisoner at the Holmesburg Prison in Philadelphia, filed a pro se claim against David Owens, Superintendent of the Philadelphia Prison System, alleging a variety of unconstitutional conditions of confinement, including the claim that he was surrounded by asbestos. Defendant Owens filed a motion to dismiss the first amended complaint, which the district court denied insofar as it pertained to the plaintiff's allegation of asbestos problems in his cell. The district court ruled that this allegation stated an Eighth Amendment claim because "[d]angerous exposure to asbestos caused by defendant's deliberate indifference could deprive inmates of the minimal civilized measure of life's necessities, i.e. habitable shelter." App. at 63.

Counsel was appointed for plaintiff in November 1988. A Second Amended Complaint, filed in June 1989, added the three other defendant officials and refined the asbestos allegations to read:

> 14. During the entire period of time which Plaintiff spent in D Rear, he was surrounded by the known carcinogenic, asbestos, which was loosely wrapped

2

around pipes and visibly present in the walls and ceilings of both the D Rear cells and common area, and to which Plaintiff was constantly exposed.

. . .

16. As a direct result of Plaintiff's constant, unreasonable and unnecessary exposure to asbestos in his place of confinement, Plaintiff was caused to suffer various injuries to his mind and body, all of which injuries will probably be permanent in nature and have in the past, and will in the future cause Plaintiff to suffer great pain and suffering, physical pain, mental anguish, extreme fright, embarrassment and humiliation, anxiety, depression and loss of life's pleasures.

. . .

24. At all times material, there existed a regular, frequent, and continuous pattern of incidents which exposed Plaintiff to a pervasive risk of harm . . . from exposure to asbestos in deprivation of his civil rights . . . .

App. at 69, 71.

Defendants denied the allegations and moved for summary judgment, arguing that "mere exposure to asbestos is not a condition that can be said to be cruel and unusual" and that there were no facts "that support the allegation that asbestos is present in Holmesburg." App. at 89, 90.

In his Memorandum of Law in Opposition to Summary Judgment, Fontroy argued that "[a]ssuming that [the cases cited by the defendants] hold that a civil rights plaintiff cannot prevail on a claim of mere exposure to asbestos, this case is distinguishable. Plaintiff here claims an injury; a claim which Defendants have not disproved." App. at 117. Fontroy then attempted in a footnote to distinguish cases cited by the defendants:

Defendants maintain these decisions collectively hold that an inmate's exposure to asbestos does not constitute a violation of the Eighth Amendment guarantee against cruel and unusual punishment.

3

> Contrary to Defendants' broad interpretation, Plaintiff asserts the cases stand for the narrow proposition that prisoner lawsuits based on the 8th Amendment will not be permitted when there is mere exposure to asbestos. Thus, there can be no judicial remedy for the enhanced risk of future harm from mere exposure, but a litigant could recover if the exposure results in the manifestation of physical injury.

App. at 117 n.3.

Fontroy also argued that "[b]ecause Defendants have failed to disprove the presence of asbestos at the prison, there remains a material fact in issue." App. at 118.

The district court granted summary judgment, finding that an x-ray showed plaintiff was not suffering from any diseases linked to the exposure to asbestos. The court concluded that "[w]ithout evidence of injury related to exposure to asbestos, there is no genuine issue of material fact pertaining to plaintiff's asbestos claims. Plaintiff's assertions that genuine issues remain because defendants had not deposed or examined the plaintiff, and have not disproved the presence of asbestos at the prison are moot in light of the absence of evidence that plaintiff suffers from any harmful effects of asbestos exposure." App. at 135 (citations and footnote omitted).

We affirmed the district court's order by a judgment order on February 25, 1993. See Fontroy v. Owens, 989 F.2d 486 (3d Cir. 1993). On June 18, 1993, the Supreme Court issued its opinion in Helling v. McKinney, 113 S. Ct. 2475, 2481 (1993), which held that a prisoner "states a cause of action under the Eighth Amendment by alleging that petitioners have, with

4

deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health."

In August 1993, Fontroy filed a petition for a writ of certiorari. See 62 U.S.L.W. 3165 (U.S. Aug. 23, 1993) (No. 93-281). One of the three questions presented was whether our decision, described by the plaintiff as holding "that [an] inmate's involuntary exposure to asbestos does not raise an Eighth Amendment claim absent present injury," was contrary to Helling. 62 U.S.L.W. 3201 (1993). On January 10, 1994, the Supreme Court granted a writ of certiorari, vacated our judgment, and remanded "for further consideration in light of Helling v. McKinney." 114 S. Ct. 671, 672 (1994).

## II.

After receiving the Court's mandate, we requested both parties to submit legal memoranda stating what actions they believed to be appropriate.[1] Fontroy suggests that we reverse the summary judgment order and remand for further discovery and trial. He argues that the district court's summary judgment ruling was premised on the theory that since there was "no current damage to the lungs, . . . no cause of action exists,"

---

[1] We also received Fontroy's unsolicited response to the defendants' memorandum and defendants' motion to strike the response, which we deny herewith although we do not take cognizance of documents submitted that were not in the record.

5

Memorandum on Remand at 6 n.7, and that <u>Helling</u> overruled this legal theory by holding that an unreasonable risk of injury is sufficient to state a claim.

We do not understand the defendants to dispute that <u>Helling</u> permits a plaintiff to proceed on a cause of action alleging an unreasonable risk of future injury from present exposure to asbestos. Nor can they reasonably dispute that portions of Fontroy's complaint can be fairly construed to state such a claim. <u>See</u> App. at 69, 71 (¶¶ 14, 16, 24).

They argue, instead, that in the procedural posture of this case, Fontroy cannot pursue such a challenge because he specifically abandoned such a claim in his Memorandum of Law in Opposition to Summary Judgment. <u>See</u> App. at 117 & n.3. In addition, they claim that Fontroy's failure to point to anything in the record (besides his complaint) which suggests that he was exposed to asbestos at all is a sufficient and independent ground for granting summary judgment.[2]

Fontroy responds that the Supreme Court decided the waiver argument by vacating and remanding the case. We do not construe the Supreme Court's instruction to give the case "further consideration in light of <u>Helling</u>," as deciding the waiver issue. There is no basis to assume that the Supreme Court made any determination relevant to the merits of Fontroy's case.

---

[2]In his response, Fontroy submitted various documents which he claims show that there was asbestos in many areas of the prison. Even if we could consider these documents, they do not reach the question of whether there was evidence in the record before the district court that demonstrated Fontroy was exposed to asbestos.

6

We have previously stated that "[w]e know of no authority for the proposition that a direction that we give 'further consideration' to a case is in effect a direction as to the outcome. If the Supreme Court wished to direct an outcome, we are confident that it would have so stated." Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 721 n.1 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).

Whether that issue was indeed waived by the plaintiff is a fact-based inquiry in these circumstances most appropriate for consideration by the district court which can, if necessary, hold any necessary hearings relating thereto. Thus we will remand to the district court to determine whether summary judgment would still be appropriate, either because Fontroy waived the legal theory on which his remaining claim rests, the record is barren of any evidence of the presence of asbestos, or otherwise. If not, the district court should proceed with the case on the merits. In that connection we note from the record that Fontroy was transferred from the prison in question while this case was still pending in the district court. The Helling opinion notes that the petitioner sought both injunctive relief, i.e. a non-smoking cellmate, and damages, but it appears the primary focus was on the injunction. Thus the Supreme Court did not have occasion to comment on the request for damages by a plaintiff who alleged only risk of future injury. That issue may arise in this case, and if so we leave it for the district court's consideration in the first instance.

III.

7

For the foregoing reasons, we will vacate the order of the district court granting summary judgment and remand for proceedings consistent with this opinion. Appeal costs to be assessed against appellees.