74 F.3d 1244
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Charles RENTSCHLER; Kenneth Charron, Appellants,
v.
Dave MERCIER, Administrator CMS; Karen Cornell, R.N., Appellees.
 No. 94-3520.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 16, 1995.
Decided Dec. 22, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Rentschler and Kenneth Charron appeal the district court's dismissal of their 42 U.S.C. Sec. 1983 action. We affirm in part, and reverse and remand in part.
 
 
 2
 Rentschler and Charron claimed the Jefferson City Correctional Center (JCCC) health care administrator, the JCCC nursing director, and the Missouri Department of Corrections chief medical officer violated their Eighth Amendment rights. Plaintiffs alleged the physical conditions at the JCCC medical facility were inadequate, the facility was understaffed and the staff inadequately trained, and defendants knowingly and intentionally treated plaintiffs with contaminated medical supplies. As a result, they claimed, they were exposed to a risk of present and future harm. Plaintiffs also alleged defendants were operating the medical facility without a physical therapy department, and they were denied pain medication and physical therapy they needed. They sought declaratory and injunctive relief, as well as compensatory and punitive damages.
 
 
 3
 The district court dismissed the complaint as to the chief medical officer because plaintiffs had failed to serve him and had not obtained a waiver from him or requested service by the marshal; dismissed the claims for equitable relief as moot because plaintiffs were no longer confined at JCCC; and ordered plaintiffs to file a short, plain statement of facts related to the injuries they claimed they had sustained. Subsequently, the district court dismissed plaintiffs' damages claims for failure to state a claim upon which relief could be granted, with the exception of the claims related to pain medication and physical therapy. As to these latter claims, the district court granted defendants summary judgment because plaintiffs admitted these claims applied only to the chief medical officer, who was no longer a party.
 
 
 4
 On appeal, plaintiffs concede their transfers rendered their equitable claims moot. Defendants have moved to dismiss Charron's appeal. We deny that motion.
 
 
 5
 To the extent the appeal raises the issue, we conclude the district court did not err in dismissing the chief medical officer. The Missouri Attorney General did not waive service as to him, nor did plaintiffs obtain a waiver from him or serve a summons and complaint on him within 120 days of filing the amended complaint. See Fed.R.Civ.P. 4(m).
 
 
 6
 We review de novo the district court's dismissal for failure to state a claim, viewing the allegations in the light most favorable to the non-moving party. Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir.1995). The district court should not dismiss a section 1983 claim under Federal Rule of Civil Procedure 12(b)(6) " 'unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [the plaintiff] to relief.' " Hamm v. Groose, 15 F.3d 110, 112 (8th Cir.1994) (quoted case omitted). Under the Eighth Amendment, prison officials must provide humane conditions of confinement. Aswegan v. Henry, 49 F.3d 461, 463 (8th Cir.1995). Prisoners challenging their conditions of confinement must show that the conditions were objectively "sufficiently serious," and that prison officials exhibited deliberate indifference in subjecting them to the conditions. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (citation omitted). Prison officials display deliberate indifference if they actually know of and disregard an excessive risk to inmate safety. Id. at 1977, 1979; see Williams v. Delo, 49 F.3d 442, 445 (8th Cir.1995).
 
 
 7
 As to the dismissed claims, plaintiffs did not assert they suffered any present injury. Rather, they alleged that defendants knowingly used contaminated medical supplies in disregard of the risk to plaintiffs' future health. We agree that such conduct might pose a substantial or unreasonable risk of "sufficiently serious" future harm, and we thus conclude that plaintiffs stated an actionable Eighth Amendment claim. See Helling v. McKinney, 113 S.Ct. 2475, 2480-81 (1993) (suggesting inmates could successfully complain about unsafe drinking water or exposure to serious communicable disease without waiting for onset of symptoms). We note, however, that the Supreme Court did not address in Helling whether a plaintiff who has alleged only a risk of future injury may recover damages. We remand this claim so the district court may consider that issue in the first instance. See Fontroy v. Owens, 23 F.3d 63, 66 (3d Cir.1994).
 
 
 8
 Finally, reviewing the district court's grant of summary judgment de novo and applying the same standards as the district court, Egan v. Wells Fargo Alarm Serv., 23 F.3d 1444, 1446 (8th Cir.1994), we conclude summary judgment was appropriate as to the medication and therapy claims because plaintiffs admitted those allegations pertained only to the chief medical officer.
 
 
 9
 Accordingly, the judgment is affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion.