

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-1998

# Fontroy v. Owens

Precedential or Non-Precedential:

Docket 96-2090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Fontroy v. Owens" (1998). *1998 Decisions.* Paper 127.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 1, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-2090

DERRICK FONTROY, et al.

v.

DAVID S. OWENS; AND
IRENE J. PERNSLEY; AND
GAETANO CURIONE; AND
HARRY MOORE

      Derrick Dale Fontroy, I,

      Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 86-cv-04958)

Argued May 7, 1998

BEFORE: SCIRICA, COWEN and BRIGHT,*
Circuit Judges

(Filed June 1, 1998)

      Marc Durant, Esq., (Argued)
      Durant & Durant
      400 Market Street
      12th Floor
      Philadelphia, PA 19106

       Counsel for Appellant
      Derrick Dale Fontroy, I

_____

*Honorable Myron H. Bright, United States Circuit Judge for the Eighth
Circuit Court of Appeals, sitting by designation.

            Alan C. Ostrow, Esq.
            Marcia Berman, Esq., (Argued)
            City of Philadelphia
            Law Department
            1515 Arch Street
            One Parkway Building, 17th Floor
            Philadelphia, Pa 19103

              Counsel for Appellees
              David Owens
              Irene Pernsley
              Gaetano Curione
              Harry Moore

OPINION OF THE COURT

COWEN, Circuit Judge.

In this appeal we must decide whether plaintiff-appellant Derrick D. Fontroy can recover damages under 42 U.S.C. S 1983 for emotional distress allegedly caused by his exposure to asbestos, even though he presently manifests no physical injury. The district court determined that, pursuant to 42 U.S.C. S 1988, Pennsylvania law controls the issue and Fontroy has no claim as a matter of law. We agree with the district court and will affirm.

I.

This case began in 1986 when Fontroy filed a pro se claim under 42 U.S.C. S 1983 against David Owens, the Superintendent of the Philadelphia Prison System. At the time, Fontroy was an inmate in the protective custody unit known as "D Rear" at Holmesburg Prison in Philadelphia. He alleged a variety of unconstitutional conditions of confinement in his complaint, including his allegations concerning asbestos.

After the district court appointed counsel in November of 1988, Fontroy filed a second amended complaint 1 in which

_____

1. The district court dismissed several of the claims Fontroy asserted in his original complaint in April of 1987 but permitted his action to

2

he named three additional prison officials as defendants. He stated his asbestos-related allegations as follows:

14. During the entire period of time which Pla intiff spent in D Rear, he was surrounded by the known carcinogenic, asbestos, which was loosely wrapped around pipes and visibly present in the walls and ceilings of both the D Rear cells and common area, and to which Plaintiff was constantly exposed.

. . . .

16. As a direct result of Plaintiff 's cons tant, unreasonable[,] and unnecessary exposure to asbestos in his place of confinement, Plaintiff was caused to suffer various injuries to his mind and body, all of which injuries will probably be permanent in nature and have in the past, and will in the future cause Plaintiff to suffer great pain and suffering, physical pain, mental anguish, extreme fright, embarrassment and humiliation, anxiety, depression and loss of life's pleasures.

. . . .

24. At all times material, there existed a reg ular, frequent, and continuous pattern of incidents which exposed Plaintiff to a pervasive risk of harm . . . from exposure to asbestos in deprivation of his civil rights . . . .

App. at 34-37.

In December of 1991, the defendants moved for summary judgment. In his Memorandum of Law in Opposition to Summary Judgment, Fontroy responded, in part, "Assuming that [the cases cited by the defendants] hold that a civil rights plaintiff cannot prevail on a claim of mere exposure to asbestos, this case is distinguishable. Plaintiff here claims an injury; a claim which Defendants have not

_____

proceed, inter alia, on the asbestos-related claim. Defendant Owens subsequently filed a motion to dismiss in June of 1987, after which Fontroy filed his first amended complaint. The district court again dismissed some of Fontroy's remaining claims but allowed his asbestos-related claim to proceed.

disproved." App. at 845. Fontroy then attempted to distinguish cases cited by the defendants in a footnote where he stated:

> Defendants maintain these decisions collectively hold that an inmate's exposure to asbestos does not constitute a violation of the Eighth Amendment guarantee against cruel and unusual punishment. Contraty [sic] to Defendants' broad interpretation, Plaintiff asserts the cases stand for the narrow proposition that prisoner lawsuits based on the 8th Amendment will not be permitted when there is mere exposure to asbestos. Thus, there can be no judicial remedy for the enhanced risk of future harm from mere exposure, but a litigant could recover if the exposure results in the manifestation of physical injury.

Id.

The district court granted summary judgment in favor of the defendants in May of 1991 because, inter alia, an X-ray showed Fontroy had not suffered any physical injury from his alleged exposure to asbestos. The district court determined that "[w]ithout evidence of injury related to exposure to asbestos, there is no genuine issue of material fact pertaining to plaintiff's asbestos claims." App. at 59 (citations omitted).

We affirmed the district court's order by a judgment order on February 25, 1993. See Fontroy v. Owens, 989 F.2d 486 (3d Cir. 1993). Subsequently, the Supreme Court issued its decision in Helling v. McKinney, 509 U.S. 25, 113 S. Ct. 2475 (1993), which held that a prisoner "states a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health." Id. at 35, 113 S. Ct. at 2481.

In August of 1993, Fontroy filed a petition for a writ of certiorari. See 62 U.S.L.W. 3165 (U.S. Aug. 23, 1993) (No. 93-281). One of the questions presented to the Supreme Court was whether our decision, described by Fontroy as holding "that [an] inmate's involuntary exposure to asbestos

4

does not raise an Eighth Amendment claim absent present injury," was contrary to Helling. 62 U.S.L.W. 3201 (1993).

On January 10, 1994, the Supreme Court granted a writ of certiorari, vacated our judgment, and remanded "for further consideration in light of Helling v. McKinney." 510 U.S. 1033, 114 S. Ct. 671, 671-72 (1994). In accord with the Court's mandate, we remanded to the district court, offering the following guidance:

> Thus we will remand to the district court to determine whether summary judgment would still be appropriate, either because Fontroy waived the legal theory on which his remaining claim rests, the record is barren of any evidence of the presence of asbestos, or otherwise. If not, the district court should proceed with the case on the merits. In that connection we note from the record that Fontroy was transferred from the prison in question while this case was still pending in the district court. The Helling opinion notes that the petitioner sought both injunctive relief, i.e. a non-smoking cellmate, and damages, but it appears the primary focus was on the injunction. Thus the Supreme Court did not have occasion to comment on the request for damages by a plaintiff who alleged only risk of future injury. That issue may arise in this case, and if so we leave it for the district court's consideration in the first instance.

Fontroy v. Owens, 23 F.3d 63, 66 (3d Cir. 1994).

On remand, the district court granted summary judgment in favor of the defendants in October of 1996. The court determined that (1) there was no genuine issue of material fact concerning Fontroy's lack of physical injury and (2) Fontroy had no cause of action for damages under 42 U.S.C. S 1983 for emotional distress allegedly caused by exposure to asbestos in the absence of present physical injury. Fontroy subsequently filed a motion for reconsideration, which the district court denied. He appeals only the district court's determination that in the absence of physical injury from his exposure he has no cause of action at this time.

5

II.

The district court had jurisdiction pursuant to 28 U.S.C.
SS 1331 and 1343. We have jurisdiction pursuant to 28
U.S.C. S 1291. We exercise plenary review of the district
court's grant of defendants' motion for summary judgment.
See Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997).
Summary judgment is appropriate "only if there are no
genuine issues of material fact and the relevant law entitles
the moving party to judgment." Kost v. Kozakiewicz, 1 F.3d
176, 183 (3d Cir. 1993).2

III.

We must determine whether 42 U.S.C. S 1983 affords
Fontroy a cause of action for damages for emotional
distress allegedly caused by exposure to asbestos without
proof of physical injury.3 The text of section 1983 itself does

_____

2. Although the parties submitted argument at our invitation concerning
the retroactivity of section 803(d)(e) of the Prison Litigation Reform
Act,
42 U.S.C. S 1997e(e), the parties did not raise the issue before the
district court. Section 803(d)(e) provides that prisoners may not bring a
federal civil action for mental or emotional injury absent a prior
demonstration of physical injury. See id. It became effective on April 26,
1996, approximately five months before the district court entered an
order disposing of all claims on October 3, 1996. The parties' failure to
raise the issue before the district court prevents our review of the
issue.
Cf. Zehner v. Trigg, 133 F.3d 459, 460-61 (7th Cir. 1997) (inmates who
failed to respond to the district court's request for argument concerning
the retroactive application of section 803(d)(e) waived appellate review
of
the issue).

3. As a preliminary matter, the defendants contend that Fontroy waived
his claim for damages for emotional distress in the absence of physical
injury. Specifically, they argue that Fontroy's statements, quoted above,
in his Memorandum of Law in Opposition to Summary Judgment
conceded that such damages are not available. The district court did not
agree. Prior to its grant of summary judgment in October of 1996, the
district court determined that Fontroy had not waived his claim and
entered an appropriate order in November of 1994. The district court
stated therein, "Plaintiff did not waive any such claim in his answer to
defendant's motion for summary judgment -- plaintiff stated only that
assuming the cases cited by defendant would preclude a claim for mere
exposure to asbestos, his claim was distinguishable because he did
suffer a present injury." App. at 76. We have reviewed Fontroy's
statements and agree with the district court that Fontroy did not waive
this claim.

not resolve the issue, nor does it prescribe the applicable rules of decision.4 Consequently, we must discern the applicable rules of decision by applying the analysis mandated by Congress in 42 U.S.C. S 1988,5 which the Supreme Court has described as follows.

> First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." If no

_____

4. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District
> of Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,
> except that in any action brought against a judicial officer for an act
> or omission taken in such officer's judicial capacity, injunctive relief
> shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section,
> any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. S 1983.

5. The relevant portion of section 1988 provides:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect;
> but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so

far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C. S 1988(a).

7

suitable federal rule exists, courts undertake the second step by considering application of state "common law, as modified and changed by the constitution and statutes" of the forum State. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States."

Burnett v. Grattan, 468 U.S. 42, 47-48, 104 S. Ct. 2924, 2928 (1984) (quoting 42 U.S.C. S 1988(a)).

The district court made three determinations in applying this analysis: (1) the Supreme Court's decision in Helling v. McKinney, 510 U.S. 1033, 114 S. Ct. 671, 672 (1994), did not create a federal rule that an inmate may sustain a section 1983 action for damages for emotional distress in the absence of physical injury; (2) the law of Pennsylvania, which does not allow an inmate to assert such a claim, controls pursuant to 42 U.S.C. S 1988; and (3) Pennsylvania's law is not "inconsistent with the Constitution and laws of the United States," 42 U.S.C. S 1988.

There is no dispute that Pennsylvania is the appropriate forum state for section 1988 purposes or that Pennsylvania law does not provide a cause of action for damages for emotional distress for exposure to asbestos without proof of physical injury. See Simmons v. Pacor, Inc., 674 A.2d 232, 238 (Pa. 1996). We will review the remaining determinations in seriatim.

A.

Fontroy contends that Helling provides a federal rule that would allow his claim for monetary relief. In Helling, the Supreme Court held that an inmate may recover injunctive relief in a section 1983 action based on exposure to environmental, i.e., second-hand, cigarette smoke in the absence of present physical injury. See 509 U.S. at 33-35, 113 S. Ct. at 2480-81. The Court reasoned that "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." Id. at 33,

8

113 S. Ct. at 2481. The Court did not address the availability of damages in such cases--a point which we specifically recognized in remanding Fontroy's case to the district court following the Supreme Court's grant of his petition for certiorari. See Fontroy v. Owens, 23 F.3d at 66 ("Thus the Supreme Court did not have occasion to comment on the request for damages by a plaintiff who alleged only risk of future injury."). More importantly, the Helling Court's reasoning concerning injunctive relief does not translate to a claim for monetary relief.6 The Court's statement that it would be odd to deny an inmate an injunction against future harm until that harm actually occurred sheds no light on the availability of monetary damages to redress past wrong. We therefore conclude that Helling does not create a federal rule that would provide Fontroy a cause of action under 42 U.S.C. S 1983.

B.

Fontroy also contends that the district court erred in applying Pennsylvania law because, in contravention of section 1988, it is purportedly inconsistent with federal law. As support, Fontroy cites cases involving the alleged use of excessive force, see, e.g., Hudson v. McMillan, 503 U.S. 1, 112 S. Ct. 995 (1992) (an inmate may recover damages for excessive use of force even if the inmate does not suffer serious injuries), and cases involving prison officials' alleged failures to protect inmates from other inmates, see, e.g., Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997) (an inmate who had a long history of being assaulted could sustain a section 1983 action alleging that prison officials ignored an excessive risk to his safety).

In contrast to Fontroy, however, the inmates in both of these cases actually suffered some degree of physical injury. Cf. Babcock v. White, 102 F.3d 267, 270 (7th Cir. 1996) (an inmate "who was not assaulted by, and who is no longer at risk from, fellow inmates" had no cause of action for damages "based solely on prison officials' past failure to take measures to protect the prisoner from inmates known

_____

6. An injunction would be useless to Fontroy because he is no longer incarcerated at Holmesburg Prison.

to pose a danger"). Fontroy's case, moreover, is a so-called conditions of confinement case. The Hudson Court differentiated excessive force cases from cases alleging unconstitutional conditions of confinement based upon the degree of deprivation required to state a colorable claim. In a conditions of confinement case, "extreme deprivations are required to make out a . . . claim[,]" whereas "[i]n the excessive force context, society's expectations are different" because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." 503 U.S. at 9, 112 S. Ct. at 1000.

Fontroy also argues that Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042 (1978), provides a federal rule that plaintiffs may recover damages for emotional distress in a section 1983 action absent physical injury. The Carey Court held that emotional distress caused by the deprivation of due process is compensable under section 1983 without proof of physical injury. See id. at 264, 98 S. Ct. at 1052. In reaching this holding, the Court cautioned that"[i]n order to further the purpose of S 1983, the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in question[.]" Id. at 259, 98 S. Ct. at 1050. Moreover, the Court stated that "the elements and prerequisites for recovery of damages appropriate to compensate injuries caused by the deprivation of one constitutional right are not necessarily appropriate to compensate injuries caused by the deprivation of another." Id. at 264-65, 98 S. Ct. at 1052.

Fontroy's argument would require us to ignore these precepts by applying Carey, a deprivation of due process case, to a case alleging a violation of the Eighth Amendment. The Carey court determined that the "denial of procedural due process should be actionable for nominal damages without proof of actual injury" because "the right to procedural due process is `absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions[.]" Id. at 266, 98 S. Ct. at 1054. In contrast, the Hudson court instructed that"extreme

10

deprivations are required to make out a conditions-of-confinement claim[,]" such as Fontroy's. 503 U.S. at 9, 112 S. Ct. at 1000.7

Based on the foregoing, we decline to reverse the district court on the basis that Pennsylvania law is "inconsistent with the Constitution and laws of the United States[.]" 42 U.S.C. S 1988(a). Federal law does not provide inmates, who suffer no present physical injury, a cause of action for damages for emotional distress allegedly caused by exposure to asbestos. Cf. Metro-North Commuter R.R. Co. v. Buckley, ___ U.S. ___, 117 S. Ct. 2113 (1997) (a federal employee may not recover damages under the Federal Employer's Liability Act for emotional distress caused by exposure to asbestos absent manifestations of injury).

IV.

In conclusion, we hold that the district court did not err by applying Pennsylvania law to Fontroy's section 1983 claim and, consequently, that Fontroy has no cause of action under 42 U.S.C. S 1983 for damages for emotion distress allegedly caused by exposure to asbestos without proof of physical injury.8 We will affirm the October 31, 1996, order of the district court granting summary judgment against plaintiff-appellant Fontroy.

_____

7. Fontroy's citation of our decision in Bolden v. Southeastern Pennsylvania Transp. Auth., 21 F.3d 29 (3d Cir. 1994) (section 1983 action for emotional distress damages arising out of an allegedly unconstitutional drug test of employee), is also unavailing for the same reasons.

8. Since our holding fully disposes of Fontroy's appeal, we need not address the defendants' argument that Fontroy's claim "effectively constitutes a municipal liability claim against the City of Philadelphia[,]"
Appellees' Br. at 36, and that Fontroy failed to demonstrate a municipal policy or practice of deliberate indifference to the rights of inmates, which is a requisite element for municipal liability in a section 1983 action. See Monell v. Department of Soc. Services of the City of New York, 436 U.S. 658, 690-94, 98 S. Ct. 2018, 2035-38 (1978).

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

12