Derrick FONTROY, et al.,

v.

David S. OWENS; and Irene J. Pernsley; and Gaetano Curione; and Harry Moore,

Derrick Dale Fontroy, I, Appellant.

No. 96–2090.

United States Court of Appeals, Third Circuit.

Argued May 7, 1998.

Decided June 1, 1998.

Opinion Order Published July 28, 1998.

Marc Durant (Argued), Durant & Durant, Philadelphia, PA, for Appellant Derrick Dale Fontroy, I.

Alan C. Ostrow, Marcia Berman (Argued), City of Philadelphia Law Department, Philadelphia, PA, for Appellees David Owens, Irene Pernsley, Gaetano Curione and Harry Moore.

Before: SCIRICA, COWEN and BRIGHT,* Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

In this appeal we must decide whether plaintiff-appellant Derrick D. Fontroy can recover damages under 42 U.S.C. § 1983 for emotional distress allegedly caused by his exposure to asbestos, even though he presently manifests no physical injury. The district court determined that, pursuant to 42 U.S.C. § 1988, Pennsylvania law controls the issue and Fontroy has no claim as a matter of law. We agree with the district court and will affirm.

### I.

This case began in 1986 when Fontroy filed a *pro se* claim under 42 U.S.C. § 1983 against David Owens, the Superintendent of the Philadelphia Prison System. At the time, Fontroy was an inmate in the protective custody unit known as "D Rear" at Holmesburg Prison in Philadelphia. He alleged a variety of unconstitutional conditions of confinement in his complaint, including his allegations concerning asbestos.

---

\* Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

1. The district court dismissed several of the claims Fontroy asserted in his original complaint in April of 1987 but permitted his action to proceed, *inter alia*, on the asbestos-related claim.

After the district court appointed counsel in November of 1988, Fontroy filed a second amended complaint [1] in which he named three additional prison officials as defendants. He stated his asbestos-related allegations as follows:

14. During the entire period of time which Plaintiff spent in D Rear, he was surrounded by the known carcinogenic, asbestos, which was loosely wrapped around pipes and visibly present in the walls and ceilings of both the D Rear cells and common area, and to which Plaintiff was constantly exposed.

. . . .

16. As a direct result of Plaintiff's constant, unreasonable[,] and unnecessary exposure to asbestos in his place of confinement, Plaintiff was caused to suffer various injuries to his mind and body, all of which injuries will probably be permanent in nature and have in the past, and will in the future cause Plaintiff to suffer great pain and suffering, physical pain, mental anguish, extreme fright, embarrassment and humiliation, anxiety, depression and loss of life's pleasures.

. . . .

24. At all times material, there existed a regular, frequent, and continuous pattern of incidents which exposed Plaintiff to a pervasive risk of harm ... from exposure to asbestos in deprivation of his civil rights. . . .

App. at 34–37.

In December of 1991, the defendants moved for summary judgment. In his Memorandum of Law in Opposition to Summary Judgment, Fontroy responded, in part, "Assuming that [the cases cited by the defendants] hold that a civil rights plaintiff cannot prevail on a claim of mere exposure to asbestos, this case is distinguishable. Plaintiff here claims an injury; a claim which Defen-

---

Defendant Owens subsequently filed a motion to dismiss in June of 1987, after which Fontroy filed his first amended complaint. The district court again dismissed some of Fontroy's remaining claims but allowed his asbestos-related claim to proceed.

dants have not disproved." App. at 845. Fontroy then attempted to distinguish cases cited by the defendants in a footnote where he stated:

> Defendants maintain these decisions collectively hold that an inmate's exposure to asbestos does not constitute a violation of the Eighth Amendment guarantee against cruel and unusual punishment. Contraty [sic] to Defendants' broad interpretation, Plaintiff asserts the cases stand for the narrow proposition that prisoner lawsuits based on the 8th Amendment will not be permitted when there is mere exposure to asbestos. Thus, there can be no judicial remedy for the enhanced risk of future harm from mere exposure, but a litigant could recover if the exposure results in the manifestation of physical injury.

*Id.*

The district court granted summary judgment in favor of the defendants in May of 1991 because, *inter alia*, an X-ray showed Fontroy had not suffered any physical injury from his alleged exposure to asbestos. The district court determined that "[w]ithout evidence of injury related to exposure to asbestos, there is no genuine issue of material fact pertaining to plaintiff's asbestos claims." App. at 59 (citations omitted).

We affirmed the district court's order by a judgment order on February 25, 1993. *See Fontroy v. Owens*, 989 F.2d 486 (3d Cir. 1993). Subsequently, the Supreme Court issued its decision in *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), which held that a prisoner "states a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health." *Id.* at 35, 113 S.Ct. at 2481.

In August of 1993, Fontroy filed a petition for a writ of certiorari. *See* 62 U.S.L.W. 3165 (U.S. Aug. 23, 1993) (No. 93–281). One of the questions presented to the Supreme Court was whether our decision, described by Fontroy as holding "that [an] inmate's involuntary exposure to asbestos does not raise an Eighth Amendment claim absent present injury," was contrary to *Helling*. 62 U.S.L.W. 3201 (1993).

On January 10, 1994, the Supreme Court granted a writ of certiorari, vacated our judgment, and remanded "for further consideration in light of *Helling v. McKinney*." 510 U.S. 1033, 114 S.Ct. 671, 671–72, 126 L.Ed.2d 640 (1994). In accord with the Court's mandate, we remanded to the district court, offering the following guidance:

> Thus we will remand to the district court to determine whether summary judgment would still be appropriate, either because Fontroy waived the legal theory on which his remaining claim rests, the record is barren of any evidence of the presence of asbestos, or otherwise. If not, the district court should proceed with the case on the merits. In that connection we note from the record that Fontroy was transferred from the prison in question while this case was still pending in the district court. The *Helling* opinion notes that the petitioner sought both injunctive relief, *i.e.* a non-smoking cellmate, and damages, but it appears the primary focus was on the injunction. Thus the Supreme Court did not have occasion to comment on the request for damages by a plaintiff who alleged only risk of future injury. That issue may arise in this case, and if so we leave it for the district court's consideration in the first instance.

*Fontroy v. Owens*, 23 F.3d 63, 66 (3d Cir. 1994).

On remand, the district court granted summary judgment in favor of the defendants in October of 1996. The court determined that (1) there was no genuine issue of material fact concerning Fontroy's lack of physical injury and (2) Fontroy had no cause of action for damages under 42 U.S.C. § 1983 for emotional distress allegedly caused by exposure to asbestos in the absence of present physical injury. Fontroy subsequently filed a motion for reconsideration, which the district court denied. He appeals only the district court's determination that in the absence of physical injury from his exposure he has no cause of action at this time.

## II.

■ The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the district court's grant of defendants' motion for summary judgment. *See Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir.1997). Summary judgment is appropriate "only if there are no genuine issues of material fact and the relevant law entitles the moving party to judgment." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993).[2]

## III.

■ We must determine whether 42 U.S.C. § 1983 affords Fontroy a cause of action for damages for emotional distress allegedly caused by exposure to asbestos without proof of physical injury.[3] The text of section 1983 itself does not resolve the issue, nor does it prescribe the applicable rules of decision.[4] Consequently, we must discern the applicable rules of decision by applying the analysis mandated by Congress in 42 U.S.C. § 1988,[5] which the Supreme Court has described as follows.

First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." If no suitable federal rule exists, courts undertake the second step by considering application of state "common law, as modified

2. Although the parties submitted argument at our invitation concerning the retroactivity of section 803(d)(e) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), the parties did not raise the issue before the district court. Section 803(d)(e) provides that prisoners may not bring a federal civil action for mental or emotional injury absent a prior demonstration of physical injury. *See id.* It became effective on April 26, 1996, approximately five months before the district court entered an order disposing of all claims on October 3, 1996. The parties' failure to raise the issue before the district court prevents our review of the issue. *Cf. Zehner v. Trigg*, 133 F.3d 459, 460–61 (7th Cir.1997) (inmates who failed to respond to the district court's request for argument concerning the retroactive application of section 803(d)(e) waived appellate review of the issue).

3. As a preliminary matter, the defendants contend that Fontroy waived his claim for damages for emotional distress in the absence of physical injury. Specifically, they argue that Fontroy's statements, quoted above, in his Memorandum of Law in Opposition to Summary Judgment conceded that such damages are not available. The district court did not agree. Prior to its grant of summary judgment in October of 1996, the district court determined that Fontroy had not waived his claim and entered an appropriate order in November of 1994. The district court stated therein, "Plaintiff did not waive any such claim in his answer to defendant's motion for summary judgment—plaintiff stated only that *assuming* the cases cited by defendant would preclude a claim for mere exposure to asbestos, his claim was distinguishable because he did suffer a present injury." App. at 76. We have reviewed Fontroy's statements and agree with the district court that Fontroy did not waive this claim.

4. Section 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C. § 1983.

5. The relevant portion of section 1988 provides:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.
42 U.S.C. § 1988(a).

and changed by the constitution and statutes" of the forum State. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States."

*Burnett v. Grattan,* 468 U.S. 42, 47–48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984) (quoting 42 U.S.C. § 1988(a)).

The district court made three determinations in applying this analysis: (1) the Supreme Court's decision in *Fontroy v. Owens,* 510 U.S. 1033, 114 S.Ct. 671, 672, 126 L.Ed.2d 640 (1994), did not create a federal rule that an inmate may sustain a section 1983 action for damages for emotional distress in the absence of physical injury; (2) the law of Pennsylvania, which does not allow an inmate to assert such a claim, controls pursuant to 42 U.S.C. § 1988; and (3) Pennsylvania's law is not "inconsistent with the Constitution and laws of the United States," 42 U.S.C. § 1988.

There is no dispute that Pennsylvania is the appropriate forum state for section 1988 purposes or that Pennsylvania law does not provide a cause of action for damages for emotional distress for exposure to asbestos without proof of physical injury. *See Simmons v. Pacor, Inc.,* 543 Pa. 664, 674 A.2d 232, 238 (1996). We will review the remaining determinations *in seriatim.*

### A.

■ Fontroy contends that *Helling* provides a federal rule that would allow his claim for monetary relief. In *Helling,* the Supreme Court held that an inmate may recover injunctive relief in a section 1983 action based on exposure to environmental, *i.e.,* second-hand, cigarette smoke in the absence of present physical injury. *See* 509 U.S. at 33–35, 113 S.Ct. at 2480–81. The Court reasoned that "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." *Id.* at 33, 113 S.Ct. at 2481. The Court did not address the

availability of damages in such cases—a point which we specifically recognized in remanding Fontroy's case to the district court following the Supreme Court's grant of his petition for certiorari. *See Fontroy v. Owens,* 23 F.3d at 66 ("Thus the Supreme Court did not have occasion to comment on the request for damages by a plaintiff who alleged only risk of future injury."). More importantly, the *Helling* Court's reasoning concerning injunctive relief does not translate to a claim for monetary relief.[6] The Court's statement that it would be odd to deny an inmate an injunction against future harm until that harm actually occurred sheds no light on the availability of monetary damages to redress past wrong. We therefore conclude that *Helling* does not create a federal rule that would provide Fontroy a cause of action under 42 U.S.C. § 1983.

### B.

Fontroy also contends that the district court erred in applying Pennsylvania law because, in contravention of section 1988, it is purportedly inconsistent with federal law. As support, Fontroy cites cases involving the alleged use of excessive force, *see, e.g., Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (an inmate may recover damages for excessive use of force even if the inmate does not suffer serious injuries), and cases involving prison officials' alleged failures to protect inmates from other inmates, *see, e.g., Hamilton v. Leavy,* 117 F.3d 742 (3d Cir.1997) (an inmate who had a long history of being assaulted could sustain a section 1983 action alleging that prison officials ignored an excessive risk to his safety).

In contrast to Fontroy, however, the inmates in both of these cases actually suffered some degree of physical injury. *Cf. Babcock v. White,* 102 F.3d 267, 270 (7th Cir.1996) (an inmate "who was not assaulted by, and who is no longer at risk from, fellow inmates" had no cause of action for damages "based solely on prison officials' past failure to take mea-

6. An injunction would be useless to Fontroy because he is no longer incarcerated at Holmesburg Prison.

sures to protect the prisoner from inmates known to pose a danger"). Fontroy's case, moreover, is a so-called conditions of confinement case. The *Hudson* Court differentiated excessive force cases from cases alleging unconstitutional conditions of confinement based upon the degree of deprivation required to state a colorable claim. In a conditions of confinement case, "extreme deprivations are required to make out a ... claim[,]" whereas "[i]n the excessive force context, society's expectations are different" because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." 503 U.S. at 9, 112 S.Ct. at 1000.

Fontroy also argues that *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, .55 L.Ed.2d 252 (1978), provides a federal rule that plaintiffs may recover damages for emotional distress in a section 1983 action absent physical injury. The *Carey* Court held that emotional distress caused by the deprivation of due process is compensable under section 1983 without proof of physical injury. *See id.* at 264, 98 S.Ct. at 1052. In reaching this holding, the Court cautioned that "[i]n order to further the purpose of § 1983, the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in question[.]" *Id.* at 259, 98 S.Ct. at 1050. Moreover, the Court stated that "the elements and prerequisites for recovery of damages appropriate to compensate injuries caused by the deprivation of one constitutional right are not necessarily appropriate to compensate injuries caused by the deprivation of another." *Id.* at 264–65, 98 S.Ct. at 1052.

Fontroy's argument would require us to ignore these precepts by applying *Carey,* a deprivation of due process case, to a case alleging a violation of the Eighth Amendment. The *Carey* court determined that the "denial of procedural due process should be actionable for nominal damages without proof of actual injury" because "the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions[.]" *Id.* at 266, 98 S.Ct. at 1054. In contrast, the *Hudson* court instructed that "extreme deprivations are required to make out a conditions-of-confinement claim[,]" such as Fontroy's. 503 U.S. at 9, 112 S.Ct. at 1000.[7]

Based on the foregoing, we decline to reverse the district court on the basis that Pennsylvania law is "inconsistent with the Constitution and laws of the United States[.]" 42 U.S.C. § 1988(a). Federal law does not provide inmates, who suffer no present physical injury, a cause of action for damages for emotional distress allegedly caused by exposure to asbestos. *Cf. Metro–North Commuter R.R. Co. v. Buckley,* 521 U.S. 424, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997) (a federal employee may not recover damages under the Federal Employer's Liability Act for emotional distress caused by exposure to asbestos absent manifestations of injury).

## IV.

In conclusion, we hold that the district court did not err by applying Pennsylvania law to Fontroy's section 1983 claim and, consequently, that Fontroy has no cause of action under 42 U.S.C. § 1983 for damages for emotional distress allegedly caused by exposure to asbestos without proof of physical injury.[8] We will affirm the October 31, 1996, order of the district court granting summary judgment against plaintiff-appellant Fontroy.

---

7. Fontroy's citation of our decision in *Bolden v. Southeastern Pennsylvania Transp. Auth.,* 21 F.3d 29 (3d Cir.1994) (section 1983 action for emotional distress damages arising out of an allegedly unconstitutional drug test of employee), is also unavailing for the same reasons.

8. Since our holding fully disposes of Fontroy's appeal, we need not address the defendants' argument that Fontroy's claim "effectively constitutes a municipal liability claim against the City of Philadelphia[,]" Appellees' Br. at 36, and that Fontroy failed to demonstrate a municipal policy or practice of deliberate indifference to the rights of inmates, which is a requisite element for municipal liability in a section 1983 action. *See Monell v. Department of Soc. Services of the City of New York,* 436 U.S. 658, 690–94, 98 S.Ct. 2018, 2035–38, 56 L.Ed.2d 611 (1978).