

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# Panton v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4840

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Panton v. Nash" (2009). *2009 Decisions*. Paper 1752.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1752

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4840
_____

ROBERT PANTON,
                              Appellant

v.

WARDEN JOHN NASH

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-00356)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2009
Before:  FISHER, JORDAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 12, 2009)
_____

OPINION
_____

PER CURIAM

Robert Panton, a federal inmate formerly confined at the Federal Correctional

Institution at Schuylkill[1], filed this Bivens action against Warden John Nash, alleging that

_____

[1] Panton was confined at FCI- Schuylkill from November 2000 until February 2004.

he was exposed to second-hand environmental tobacco smoke ("ETS") in violation of his

Eighth Amendment right to be free from cruel and unusual punishment. He sought

compensatory damages, and to compel the establishment of a non-smoking unit at FCI-

Schuylkill.[2] The District Court granted Nash's motion for summary judgment, and denied

Panton's motion for reconsideration. For the reasons that follow, we will affirm.

Citing the Supreme Court's decision in Helling v. McKinney, 509 U.S. 25 (1993),

the District Court first determined that Panton had failed to produce any objective

evidence concerning the level of ETS at FCI-Schuylkill, or that the amount of ETS

created an unreasonable risk. The District Court noted that:

> Although [Panton] was housed in the same cell with smokers
> when he first arrived at FCI-Schuylkill, it is undisputed that,
> immediately upon complaining of the exposure to smoke,
> Panton was removed from that environment and placed in a
> two-person cell with a nonsmoker. On one other occasion he
> was housed with a smoker but he admits that this was not a
> problem because the inmate did not smoke in the cell. With
> respect to the air quality in the cells, despite plaintiff's
> contentions to the contrary, the cells were ventilated directly
> to the outside, not from cell to cell. And, the cells had
> windows that could be opened to allow fresh air to circulate
> through the cell.

Moreover, the District Court determined that Panton had failed to demonstrate that

"during his stay at FCI-Schuylkill, he was treated for any condition or ailment brought

---

[2] In 2004, after Panton had been transferred to a different prison, indoor smoking was eliminated altogether at FCI-Schuylkill.

2

about by his exposure to second-hand smoke." It further determined that "Nash's enforcement of a [smoking] policy that encouraged the separation of nonsmoking inmates to the most practical extent indicates that [Nash] was not deliberately indifferent to any serious risk."

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court's order granting summary judgment in Nash's favor. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007). Further, summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000).

In order to establish an Eighth Amendment violation with respect to conditions of confinement, a prisoner must show that he has been deprived of "the minimal civilized measure of life's necessities," such as food, clothing, shelter, sanitation, medical care, or personal safety. Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994); see also Wilson v. Seiter, 501 U.S. 294, 303 (1991). The prisoner must also show that the deprivation was sufficiently serious and that the defendants acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. Specific to the instant case, a present injury claim based on

3

exposure to ETS requires proof of (1) a sufficiently serious medical need related to ETS exposure; and (2) deliberate indifference by the prison authorities to that need. See Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003).[3] Assuming, arguendo, that Panton has satisfied the first component of the test, we nonetheless find that he has failed to satisfy the second, subjective component; i.e., we conclude that Nash was not deliberately indifferent to Panton's serious medical need with respect to ETS exposure, which is fatal to his Eighth Amendment claim.

"[D]eliberate indifference describes a state of mind more blameworthy than negligence," but "it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. In addition, "prison officials who act reasonably cannot be found liable under the [Eighth Amendment]." Id. at 845. Here, it is undisputed that Nash set out clear smoking regulations at the prison and made efforts to enforce that smoking policy. Indeed, Nash was actively engaged in limiting the presence of ETS as evinced by his removing of the

---

[3] The District Court's opinion fails to adequately categorize Panton's ETS exposure claim as either a "present injury claim," a "future injury claim," or both. Normally, this would not be insignificant, as each has its own test. See Atkinson, 316 F.3d at 262-69; see also id. at 273 (Ambro, J., dissenting in part) ("ETS claims . . . come in two varieties - present injury claims and future injury claims - and are measured by different standards"). Here, however, the District Court's misstep has no bearing on our disposition because our analysis turns on the deliberate indifference inquiry, mandated by both tests. That said, Panton's claim is best categorized as one alleging "present injury," given that he primarily seeks compensatory damages, and also that his request for injunctive relief was rendered moot almost immediately after he filed his complaint.

4

"smoking area" designation from several of the common areas. When Panton first arrived at FCI-Schuylkill (before Nash began his tenure as warden), his request to be transferred out of a housing unit that permitted smoking was accommodated. Notably, Panton made no further requests for cell reassignment because of smoking issues during the time that Nash was warden.

Furthermore, Panton's medical records do not reveal any past or current complaints specifically demonstrating excessive ETS exposure. See Fontroy v. Owens, 150 F.3d 239, 243 (3d Cir. 1998) (determining that Helling did not recognize a federal cause of action seeking monetary damages for the risk or fear of injury absent present physical harm). This is significant insofar as a prison official cannot be deliberately indifferent to a serious medical need if there is insufficient documentation to put the official on notice of that need. See Farmer, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

There being no genuine issue of material fact, and because Panton's failure to show deliberate indifference with regard to ETS exposure entitles Nash to judgment as a matter of law, we will affirm the District Court's order granting summary judgment in favor of Nash. We will also affirm the District Court's denial of Panton's motion for reconsideration. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).