Lamar Brown, : 
                 Appellant : 
                   : 
                 : 
          v. : 
                 : 
John Wetzel, Douglas R. Sampsel, : 
M.C. Garman, Steven Glunt, : 
Jeffrey Rackovan, Samuel Condo, : 
Heather Haldeman, Eric Tice, : 
Dorina Varner, Keri Moore, : No. 114 C.D. 2017
SCI Rockview Administration : Submitted: October 27, 2017


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE COVEY                     FILED: February 6, 2018


Lamar Brown (Brown) appeals from the Centre County Common Pleas Court's (trial court) October 4, 2016 order sustaining the preliminary objections filed by Pennsylvania Department of Corrections (DOC) Secretary John Wetzel (Secretary), the Secretary's Office of Inmate Grievances and Appeals Hearing Examiners Dorina Varner (Varner) and Keri Moore (Moore), State Correctional Institution at Rockview (SCI-Rockview) employees Douglas Sampsel (Sampsel), Heather Haldeman and Eric Tice, SCI-Rockview Superintendents Steven Glunt and Mark Garman (Garman), SCI-Rockview Facility Grievance Coordinator Jeffrey Rackovan, Brown's Unit Manager Samuel Condo, and SCI-Rockview Administration generally (collectively, Wetzel) (Preliminary Objections) to the Complaint filed by past and current SCI-Rockview inmates Brown, Warren Evans, Joel Daniels, Ernest Norris, Rashan Mickens, and Shawn Johnson (collectively, Inmates) against Wetzel (Complaint) and dismissing all claims pertaining to Brown. Essentially, there are two issues before this Court: (1)

whether the trial court properly dismissed Brown's Section 1983 of the United States Code, 42 U.S.C. § 1983 (Section 1983), Eighth Amendment conditions of confinement claim because he did not suffer an injury; and, (2) whether the trial court properly dismissed Brown's negligence and fraud claims based on sovereign immunity.[1] After review, we affirm.

Brown is currently incarcerated at SCI-Rockview. On March 16, 2016, Inmates filed the Complaint alleging that, as a result of DOC's administration failing to act on the knowledge of the existence of asbestos within the facility, one or more Inmates were exposed to asbestos at some point between October 2014 and March 2016 while being confined at SCI-Rockview. Inmates demanded compensatory damages in the amount of $500,000.00 for each Inmate and other individuals to whom the allegations of the Complaint pertained, as well as punitive damages in an amount to be determined for each Inmate and other similarly-situated SCI-Rockview inmates. On April 12, 2016, Wetzel filed Preliminary Objections to Inmates' Eighth Amendment constitutional claim, negligence claim and fraud claim. The trial court held a hearing on August 4, 2016.

On October 4, 2016, the trial court sustained the Preliminary Objections to the Complaint and dismissd all claims pertaining to Brown. Brown filed a Notice of Appeal (Appeal) with the trial court on November 2, 2017. The Appeal was received

---

[1] Brown's Statement of Questions Involved contains seven issues: (1) whether the trial court erred by sustaining Wetzel's preliminary objection to Brown's Eighth Amendment conditions of confinement claim; (2) whether DOC's policies, regulations and Code of Ethics are part of DOC employees' scope of employment (Scope of Employment); (3) whether Scope of Employment includes both permissible and impermissible actions; (4) whether the existence of asbestos in a housing unit causes a substantial risk of harm; (5) whether injury is required to proceed on a substantial risk of harm claim; (6) "what is the [Scope of Employment;]" and (7) whether the substantial risk of harm is determined by the risk of harm or the actual injury. Brown Br. at 9. Because these issues are subsumed in the analysis of the above-stated issues, we have combined them.

in the Pennsylvania Superior Court on November 23, 2016 and, by January 31, 2017 order, was transferred to this Court.[2]

Inmates filed their "civil rights action . . . under [Section 1983] for [] deliberate indifference to the continued exposure of asbestos[.]" Complaint at 1.

> In determining whether a plaintiff has stated a cognizable cause of action under [S]ection 1983, the inquiry must focus on whether two essential elements are met: (1) whether the complained of conduct was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States.

*Flagg v. Int'l Union, Sec., Police, Fire Prof'ls of Am., Local 506,* 146 A.3d 300, 305 (Pa. Cmwlth. 2016). In *Simmons v. Pacor, Inc.,* 674 A.2d 232 (Pa. 1996), our Supreme Court held that "asymptomatic pleural thickening[3] is not a compensable injury which gives rise to a cause of action. . . . [The a]ppellants are not precluded from subsequently commencing an action for an asbestos related injury when symptoms develop and physiological impairment begins." *Id.* at 237. Further, "it is the general rule of this Commonwealth that there can be no recovery of damages for injuries resulting from

---

[2] 'Where a [trial court] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion.' When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is de novo and the scope of review is plenary. Similarly, whether immunity applies is a question of law subject to our de novo review.

*Minor v. Kraynak,* 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citations omitted) (quoting *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014)).

[3] Asymptomatic pleural thickening is scarring of the lungs caused by asbestos exposure.

fright or nervous shock or mental or emotional disturbances or distress unless they are accompanied by physical injury or physical impact." *Id.* at 238. In the instant case, Brown alleged no physical injury.

Brown first argues that the trial court erred by dismissing his Eighth Amendment conditions of confinement claim on the basis that he did not suffer an injury. Specifically, Brown asserts that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), does not bar compensation for the actual increased risk of contracting an asbestos-related disease, *see Herman v. Holiday,* 238 F.3d 660 (5th Cir. 2001), and serious damage to a prisoner's future health is actionable pursuant to *Farmer v. Brennan,* 511 U.S. 825 (1994), and *Helling v. McKinney,* 509 U.S. 25 (1993). We disagree.

Section 1997e(e) of the PLRA provides, in relevant part: "No [f]ederal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). In *Herman,* the United States (U.S.) Fifth Circuit Appeals Court held: "The prohibitive feature of [Section] 1997e(e) [of the PLRA], requiring physical injury before recovery, **does not apply** in the context of requests **for declaratory or injunctive relief sought to end an allegedly unconstitutional condition** of confinement." *Herman,* 238 F.3d at 665 (emphasis added). Because Inmates in the instant case do not seek declaratory or injunctive relief,[4] but rather compensatory and punitive damages, *Herman* is inapposite. In *Farmer*, the U.S. Supreme Court held: "[A] prison official may be held liable under the

---

[4] Although Inmates aver in the Complaint's "Preliminary Statement" that they are seeking "declaratory, and injunctive relief," injunctive relief is not otherwise mentioned therein. Complaint at 1. Further, the Complaint's "RELIEF" includes "[a] declaratory judgment that the acts and omissions alleged [t]herein violate both [Inmates'] state law tort rights and their constitutional rights[;]" however, such is not preventive relief. Complaint at 9. Further, because asbestos exposure without physical injury does not give rise to a cause of action, *see Flagg,* there can be no constitutional deprivation.

Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. However, as in *Herman*, the *Farmer* holding was rendered in the context of **preventing harm**, *i.e.*, injunctive relief, not an action for monetary damages. Finally, the U.S. Third Circuit Appeals Court held:

> In *Helling,* the [U.S.] Supreme Court held that an inmate may recover **injunctive relief** in a [S]ection 1983 action based on exposure to environmental [tobacco smoke], *i.e.,* second-hand, cigarette smoke in the absence of present physical injury. *See* [*Helling,*] 509 U.S. at 33-35 . . . . The Court reasoned that '[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them.' *Id.* at 33 . . . . The Court did not address the availability of damages in such cases . . . . *See Fontroy v. Owens,* 23 F.3d [63,] 66 [(3rd Cir. 1994) (*Fontroy I*)] ('**Thus the Supreme Court did not have occasion to comment on the request for damages by a plaintiff who alleged only risk of future injury**.'). More importantly, the *Helling* Court's reasoning concerning injunctive relief does not translate to a claim for monetary relief. The Court's statement that it would be odd to deny an inmate an injunction against future harm until that harm actually occurred sheds no light on the availability of monetary damages to redress past wrong.

*Fontroy v. Owens,* 150 F.3d 239, 243 (3rd Cir. 1998) (*Fontroy II*) (footnote omitted; emphasis added). The *Fontroy II* Court concluded: "*Helling* d[id] not create a federal rule that would provide [] a cause of action under [Section 1983]." *Id.* Because Inmates are not seeking to prevent future harm, but rather are seeking damages for risk of harm, the trial court properly dismissed Brown's Eighth Amendment conditions of confinement claim on the basis that he did not suffer an injury as required under the PLRA.

Brown next contends that the trial court erred by dismissing his negligence and fraud claims based on sovereign immunity. We disagree.

> Pursuant to Article 1, Section 11 of the Pennsylvania Constitution, the General Assembly declared that 'the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310. This Court has held that '**when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims**.' *La Frankie v. Miklich*, . . . 618 A.2d 1145, 1149 ([Pa. Cmwlth.] 1992). This Court determines whether a Commonwealth employee is protected by sovereign immunity by considering 'whether the . . . employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity.' *Id.*

*Minor,* 155 A.3d at 121-22 (footnote omitted; emphasis added).

Brown asserts that his negligence claim falls under the real estate exception to sovereign immunity.

> Under the real estate exception contained in Section 8522(b)(4) of the Judicial Code, a Commonwealth agency is liable where **the plaintiff's injuries are caused by** '[a] dangerous condition of Commonwealth agency real estate.' 42 Pa.C.S. § 8522(b)(4). In *Snyder v. Harmon,* . . . 562 A.2d 307, 311 ([Pa.] 1989), our Supreme Court clarified that liability against a governmental entity is predicated on proof that a condition of governmental realty itself, deriving, originating from, or having realty as its source, caused plaintiff's injuries. *Snyder,* . . . 562 A.2d at 311. If the dangerous condition 'merely **facilitates an injury** to be caused by the acts of other persons, the defect or dangerous condition is not actionable.' *Williams* [*v. Phila. Hous.*

6

*Auth.*]*,* 873 A.2d [81,] 87 [(Pa. Cmwlth. 2005)] (citations omitted).

*Thorton v. Phila. Hous. Auth.,* 4 A.3d 1143, 1148-49 (Pa. Cmwlth. 2010) (emphasis added).  Here, we do not reach the dispositive issue of whether a dangerous condition *caused* or *facilitated* an injury because Brown has alleged no injury.  Accordingly, the preliminary objection as to Brown's negligence claim was properly sustained.

Relative to his fraud claim, Brown alleges that "Sampsel, Garman, Moore and Varner falsified allegations in their grievance and grievance appeal responses to [Inmates'] grievances and grievance appeals," Complaint at 8, ¶62, thereby violating DOC's Code of Ethics.  *See* Complaint at 8, ¶63.  Brown maintains that because those individuals violated the Ethics Code, they were not acting within the scope of their employment.  Whether Sampsel, Garman, Moore and Varner violated the Ethics Code is not dispositive of whether sovereign immunity applies.  "[S]ince [Inmates'] cause of action emanates from intentional tort claims and [Sampsel, Garman, Moore and Varner are] Commonwealth employee[s], the only question to be resolved to determine if immunity attaches is whether [they were] acting within the scope of [their] duties" when they completed their grievance and grievance appeal responses. *La Frankie,* 618 A.2d at 1149.  Because Brown did not allege that Sampsel, Garman, Moore and Varner were acting outside the scope of their employment, the trial court properly sustained the preliminary objection to Brown's fraud claim based on sovereign immunity.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,       :
     Appellant   :
             :
   v.        :
             :
John Wetzel, Douglas R. Sampsel, :
M.C. Garman, Steven Glunt,  :
Jeffrey Rackovan, Samuel Condo, :
Heather Haldeman, Eric Tice,  :
Dorina Varner, Keri Moore,   : No. 114 C.D. 2017
SCI Rockview Administration  :

## O R D E R

   AND NOW, this 6th day of February, 2018, the Centre County Common Pleas Court's October 4, 2016 order is affirmed.

           _____
           ANNE E. COVEY, Judge