IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mickey Santos Colon,                        :
                     Appellant            :
                                   :
            v.                              :
                                   :
Correct Care Solutions, LLC,                :
Dr. Roble, Theresa Delbalso,                :
Christopher Oppman, John Wetzel            :   No. 834 C.D. 2018
and Susan Wislosky[1]                       :   Submitted: November 2, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: August 8, 2019


         Mickey Santos Colon (Colon) appeals from the February 28, 2018 order of the Court of Common Pleas of Schuylkill County (trial court), which

---

[1] The Pennsylvania Superior Court transferred the instant appeal to this Court because the Superior Court deemed this action to be a "civil action against the Commonwealth government and Commonwealth officers acting in an official capacity." Superior Court Order dated June 19, 2018. In addition to naming Dr. Roble and Correct Care Solutions, LLC (CCS) as defendants, Colon initiated this action against: Theresa Delbalso (Delbalso), Department of Corrections (Department) Superintendent; Christopher Oppman (Oppman), Department Deputy Secretary; John Wetzel (Wetzel), Department Secretary; and Susan Wislosky (Wislosky), retired Department registered nurse. *See* Complaint, Original Record (O.R.) Item No. 11. (Delbalso, Oppman, Wetzel and Wislosky are collectively referred to as Department Defendants). This appeal involves the trial court's dismissal, on preliminary objections, of Colon's Second Amended Complaint, which did not include the Department Defendants. The Department Defendants had been named in Colon's initial Complaint as well as his Amended Complaint. By order dated November 17, 2017, the trial court granted the Department Defendants' preliminary objections to Colon's Amended Complaint and dismissed the Amended Complaint. Colon subsequently filed the Second Amended Complaint against only Dr. Roble and CCS.

granted the preliminary objections of Correct Care Solutions, LLC (CCS) and David Roble, M.D. (Dr. Roble) and dismissed with prejudice Colon's Second Amended Complaint.[2] Upon review, we affirm.

The Second Amended Complaint sets forth the following allegations. At all relevant times, Colon was an inmate housed at State Correctional Institution-Mahanoy (SCI-Mahanoy). Second Amended Complaint ¶ 1. CCS is the health care provider for all Department of Corrections (Department) facilities. *Id.* ¶ 3. Dr. Roble is a licensed physician acting as an agent of CCS by providing medical services to inmates at SCI-Mahanoy. *Id.* ¶ 2. On or about April 26, 2016, Dr. Roble prescribed a medication for Colon that caused his blood pressure to spike, requiring outside hospitalization on April 30, 2016. *Id.* ¶ 4. Colon was informed, in the presence of two transporting officers, that he was given the wrong medication. *Id.* Colon alleges that he filed grievances and appeals to the final level through the inmate grievance system. *See id.* ¶¶ 5-11. Count I of the Second Amended Complaint asserts a claim for medical negligence against Dr. Roble. *Id.* at 3. Count II of the Second Amended Complaint asserts both vicarious liability and corporate negligence claims against CCS. *Id.* at 4.

Dr. Roble and CCS filed preliminary objections, challenging the legal and factual sufficiency of both Counts. The trial court granted the preliminary objections, and Colon appealed.[3]

---

[2] Appellees Correct Care Solutions, LLC and Dr. Roble were precluded from filing a brief in this matter for failure to comply with this Court's order of September 11, 2018, directing them to file a conforming brief on or before September 25, 2018. Cmwlth. Ct. Order 10/26/18.

[3] On appeal from a trial court's dismissal of a complaint based on preliminary objections, we have stated:

> this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. When

On appeal, with respect to Count I, Colon argues that his Second Amended Complaint adequately asserts a claim for medical negligence against Dr. Roble and that the trial court erred in ruling that this claim requires expert testimony. *See* Colon's Brief at 6. Colon argues that he did not claim in his Second Amended Complaint that Dr. Roble deviated from a professional standard of care, and therefore, expert testimony is not necessary to establish that Colon was prescribed the wrong medication. Colon's Brief at 8-12. Colon further asserts that Count II of his Second Amended Complaint sufficiently alleges corporate negligence against CCS in its supervision of Dr. Roble and that this corporate negligence claim does not require expert testimony. *Id*. We disagree.

In Count I, Colon asserts medical negligence against Dr. Roble, consisting of:

> (a) [f]ailure to possess or exercise the care, skill, judgment and training required for undertaking the medical care and treatment of [Colon], together with the counseling and advice relative to the medication prescribed;
> (b) failure of Defendant, [Dr.] Roble to ensure an adequate history from [Colon] for the advice, counsel and medication provided by the Defendant to [Colon];

---

> considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is de novo and the scope of review is plenary.

*Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018) (internal quotation marks omitted) (quoting *Minor v. Kraynak,* 155 A.3d 114, 121 (Pa. Cmwlth. 2017)).

3

(c) failure to provide [Colon] with sufficient understanding of the risks involved in the medication[] prescribed;

(d) failure adequately to disclose, warn or advise [Colon] of the risks involved with [t]he use of the medication prescribed;

(e) being otherwise negligent and careless under the circumstances.

Complaint, ¶ 15(a)-(e).

Pennsylvania Rule of Civil Procedure No. 1042.3(a) requires that Colon, with the complaint, or within 60 days of its filing, file a certificate of merit that an:

(1) appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. No. 1042.3(a)(1)-(3). Generally, where a plaintiff certifies pursuant to Pa.R.C.P. No. 1042.3(a)(3) that expert testimony is unnecessary for prosecution of the claim, he is bound by such assertion and will thereafter be precluded from presenting expert testimony on the questions of standard of care and causation.[4] Pa.R.C.P. No. 1042.3(a)(3), Note.

---

[4] The Note to Pennsylvania Rule of Civil Procedure No. 1042.3(a)(3) provides as follows:

4

Here, the trial court ruled that Count I set forth a claim for medical negligence and that the claim required expert testimony to establish negligence. Trial Court Opinion 2/28/18 at 6. Because of Colon's assertion in the certificate of merit that expert testimony was unnecessary, and because Colon would not be able to show that Dr. Roble deviated from the standard of care without expert evidence, the trial court found that Colon failed to set forth a legally sufficient cause of action for medical negligence against Dr. Roble and, therefore, dismissed Count I. *See id.* We find no error in the trial court's ruling.

Colon's claim cannot succeed as his medical malpractice claim requires such expert testimony.

> Courts sitting in medical malpractice cases require detailed expert testimony because a jury of laypersons generally lacks the knowledge to determine the factual issues of medical causation; the degree of skill, knowledge, and experience required of the physician; and the breach of the medical standard of care. In contrast, plaintiffs in *res ipsa loquitur*[5] cases rely on the jury to fill

---

In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances, the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

Pa.R.C.P. No. 1042.3(a)(3), Note.

[5] *Res ipsa loquitur* is applicable when:

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

5

in the missing pieces of causation and negligence, inherent in their cases, with the jury's common experience. Determining whether there was a breach of duty, however, involves a two-step process: the court must first determine the standard of care; it then must examine whether the defendant's conduct measured up to that standard. Not only does the plaintiff have the burden of proving that the defendant did not possess and employ the required skill and knowledge, or did not exercise the care and judgment of a reasonable professional, he or she must also prove that the injury was caused by the failure to employ that requisite skill and knowledge. We have previously concluded that this must be accomplished with expert medical testimony presented at trial by doctors testifying as expert witnesses.

*Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1149 (Pa. 2003) (footnote added).

Colon is bound by his assertion that he believes expert testimony is not necessary, and accordingly, the trial court will preclude Colon from presenting testimony of an expert on the questions of standard of care and causation. *See* Pa.R.C.P. No. 1042.3(a)(3), Note. This Court has stated:

---

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

Restatement (Second) of Torts § 328(D) (Am. Law Inst. 1965).

6

"[G]enerally[,] when the complexities of the human body are involved expert testimony is required to aid the jury in reaching conclusions as to the cause of pain or injury." [*Wareham v. Jeffes*, 534 A.2d 1314, 1321 (Pa. Cmwlth. 1989).] The only time expert testimony will not be required for a medical malpractice claim is where the causal connection between the defendants' allegedly negligent act and the harm suffered by the plaintiff is "generally a matter of common knowledge," rendering the jury "capable through its every day experience and knowledge of comprehending the facts presented and drawing conclusions based on those facts." *Id.* Generally, such negligence rises to the level of gross incompetence.

*McCool v. Dep't of Corr.*, 984 A.2d 565, 571 (Pa. Cmwlth. 2009).

Colon's assertions all center on his claim that Dr. Roble prescribed the "wrong" medication. Indeed, despite arguing that his allegations do not constitute a professional liability claim against Dr. Roble, Colon states that Count I "is based only on his allegations that he was prescribed the wrong medication." Colon's Brief at 10; *see also id.* at 8. Lay persons do not have, within their common knowledge or experience, the ability to assess whether Dr. Roble failed to exercise the care, skill, judgment and training required for the medical care and treatment of Colon and whether the failure to prescribe the correct medication caused Colon's claimed damages. *See Wareham*, 534 A.2d at 1321. Without expert testimony to establish the required standard of care and causation, Colon's claim for medical negligence against Dr. Roble must fail. *See McCool*, 984 A.2d at 571 (holding that prison inmate's allegations were insufficient to state a claim in his action against prison medical facility doctor, brought under medical malpractice exception to sovereign immunity, because his certificates of merit incorrectly stated that expert testimony was not necessary to aid the jury in reaching conclusions as to the cause of his pain or injury; the ailments in question were such that an ordinary layperson would be

7

incapable of deciding). Therefore, the trial court properly sustained the preliminary objection for legal insufficiency to Count I of Colon's Second Amended Complaint.

In Count II of the Second Amended Complaint, Colon alleges both vicarious liability and corporate negligence against CCS. The trial court dismissed Colon's vicarious liability claim because that claim asserts that CCS is vicariously liable for Dr. Roble's negligence, and the trial court had dismissed the negligence claim against Dr. Roble. Trial Court Opinion 2/28/18 at 7. The trial court also found that Colon did not set forth factual allegations to support a claim of corporate negligence. *Id.* at 8.

Under the theory of vicarious liability, "the corporation, as principal, assumes the risk of individual agents' negligence . . . ." *Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 597 (Pa. 2012). "In this scenario, the corporation's liability is derivative of the agents' breach of their duties of care to the plaintiff." *Id.* at 598.

> While it is unnecessary to plead all the various details of an alleged agency relationship, a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal.

*Alumni Ass'n, Delta Zeta of Lambda Chi Alpha Fraternity v. Sullivan*, 535 A.2d 1095, 1100 n.2 (Pa. Super. 1987), *aff'd sub nom. Alumni Ass'n v. Sullivan*, 572 A.2d 1209 (Pa. 1990). Further, where the claim is that the principal is liable for the agent's professional negligence:

> a certificate of merit . . . must be filed as to the other licensed professionals for whom the defendant is responsible. The statement is not required to identify the

8

> specific licensed professionals who deviated from an acceptable standard of care. The purpose . . . is to ensure that a claim of vicarious liability made against a defendant is supported by a certificate of merit. Separate certificates of merit as to each licensed professional for whom a defendant is alleged to be responsible are not required.

Pa.R.C.P. No. 1042.3(2)(1), Note.

As noted above, no breach of a duty of care by Dr. Roble can be found without expert testimony to support this claim. Accordingly, CCS cannot be vicariously liable for Dr. Roble's acts when Dr. Roble's negligence cannot be established.

Colon also claims that CCS is vicariously liable for the acts and omissions of the "Defendant physicians and the nurses who administered the medication to [Colon] as though Defendant [CCS] performed the acts or omissions itself" and asserts that CCS maintained control over the actions of "the Defendant physicians and nurses." Second Amended Complaint ¶ 18. However, Colon fails to identify the act or omission of a physician or professional other than Dr. Roble and, as stated, CCS cannot be vicariously liable for Dr. Roble's acts. Additionally, CCS cannot be held liable for the acts of physicians and nurses not alleged to be agents of CCS. Further, the claim with respect to the "Defendant physicians and nurses" stems from allegedly providing the "wrong" medication. The physicians and nurses cannot be found to have breached any standard of care, for which CCS would be vicariously liable, without expert testimony to support this claim. Thus, the vicarious liability claim is legally insufficient.

However, a corporation may also be liable for direct and non-delegable duties of care to a plaintiff. *Scampone*, 57 A.3d at 598. As the trial court stated:

9

> "Pennsylvania recognizes the doctrine of corporate negligence as a basis for hospital liability separate from the liability of the practitioners who actually have rendered medical care to a patient." *Rauch v. Mike-Mayer*, 783 A.2d 815, 826 (Pa. Super. 2001) (citation omitted). "The doctrine of corporate negligence imposes a non-delegable duty on the hospital to uphold a proper standard of care to patients." *Id.* "[C]orporate negligence is based on the negligent acts of the institution. A cause of action for corporate negligence arises from the policies, actions or inaction of the institution itself rather than the specific acts of individual hospital employees." *Welsh v. Bulger*, 548 Pa. 504, 698 A.2d 581 (1997).

Trial Court Opinion 2/28/18 at 7-8. The doctrine of corporate negligence provides for corporate liability where a medical facility fails to uphold the proper standard of care owed its patient. *Thompson v. Nason Hospital*, 591 A.2d 703, 707 (Pa. 1991).

Colon asserts in his Second Amended Complaint that CCS is liable for corporate negligence in that it failed to:

> (a) oversee the nurse who rendered care to [Colon] by not ensuring that medication records were properly completed, including dosage amounts, frequency, and adverse side effects;
>
> (b) formulate and/or enforce rules and policies pertaining to records were properly completed, including dosage amounts, frequency and adverse side effects;
>
> (c) adequately train the nurses who rendered care to [Colon] by not ensuring that they were aware of the possible adverse side effects of blood pressure spike associated with the medication prescribed; and
>
> (d) upon information and belief, failed to provide its physicians with adequate financial support thereby limiting the availability of prescription medications making it necessary for [Colon] to take the medication that caused [Colon's] blood pressure to spike.

10

Second Amended Complaint ¶ 20.

All of these claims of corporate negligence by CCS are premised upon Colon's allegation that Colon was given the wrong medication and that the incorrect medication is what caused Colon's blood pressure to spike. As noted, Colon cannot establish that he was given the "wrong" medication and that the medication caused his damages without providing expert testimony. Because Colon is precluded from producing expert testimony based upon his certificate of merit, he cannot establish that he was given the "wrong" medication and, therefore, cannot establish any of the alleged acts of corporate negligence that caused him to receive the "wrong" medication. Therefore, the trial court properly sustained the preliminary objections to the legal sufficiency of Colon's corporate negligence claim.

Accordingly, for the foregoing reasons, we affirm the decision of the trial court.

_____
CHRISTINE FIZZANO CANNON, Judge

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mickey Santos Colon,                                           :
                  Appellant                 :
                                            :
                  v.                          :
                                              :
Correct Care Solutions, LLC,                                  :
Dr. Roble, Theresa Delbalso,                                  :
Christopher Oppman, John Wetzel        :    No. 834 C.D. 2018
and Susan Wislosky                                           :

## O R D E R

AND NOW, this 8th day of August, 2019, the February 28, 2018 order of the Court of Common Pleas of Schuylkill County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge