John Laskaris, :
             Appellant :
              :
              :
         v. :
              :
              : No. 230 C.D. 2020
Michael Hice, et. al. : Submitted: January 22, 2021


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE COVEY                           FILED: February 26, 2021

John Laskaris (Laskaris) appeals from the Greene County Common Pleas Court's (trial court) November 4, 2019 order sustaining the preliminary objection (Preliminary Objection) filed by Department of Corrections (DOC) employees Pete Vidonish, Michael Guyton, and Mark DiAlesandro, State Correctional Institution (SCI) Greene Superintendent Louis Folino (Folino) and SCI-Greene Hearing Examiner Freddy Nunez (Nunez) (collectively, Defendants) to Laskaris's complaint against Defendants and SCI-Greene medical lab technician Michael Hice (Hice) and SCI-Greene Chief Hearing Examiner Robin Lewis (Lewis),[1] individually and in their official capacities (Complaint), and dismissing the Complaint. Essentially, Laskaris presents one issue for this Court's review: whether his filing of a grievance tolled the statute of limitations. After review, we affirm.

Laskaris is currently residing at SCI-Forest in Marienville, Pennsylvania. *See* Complaint ¶1. On November 18, 2011, at 7:00 a.m., Laskaris

---

[1] A notice of death was filed for Lewis on April 23, 2018.

and other inmates at SCI-Greene were called to the medical department (Medical) to have bloodwork completed. *See* Complaint ¶11. Hice drew Laskaris's blood. *See id*. As Laskaris has done on previous visits for bloodwork, he picked up two alcohol pads, showed them to Hice and asked if he could have them. *See* Complaint ¶12. When Hice said no, Laskaris immediately placed them back on the table as Hice watched. *See id*. As Hice began drawing blood, he stated to Laskaris: "So, I hear you're helping [i]nmate [Timothy] Stallsworth [(Stallsworth)] sue us over here at Medical. Bad choice, very, very, bad, bad choice. I have a strong feeling that before today's over, you'll have a change of heart." Complaint ¶13. After the bloodwork was completed, Laskaris went to the chow hall for breakfast. *See* Complaint ¶14. While there, Laskaris met the inmate who had blood drawn after Laskaris. *See id*. The inmate told Laskaris that Hice was planning to issue a Misconduct, claiming Laskaris stole alcohol pads. *See id*. It is noted that, at Medical, there is a waiting room with a locked door, behind which are the actual treatment suites. *See* Complaint ¶15. Before entering this area, the correctional officer assigned to that post searched all inmates, and searched them again on their way out. *See id*. Upon learning that Hice planned to write him up, Laskaris returned to Medical and asked to speak to Hice, but his request was denied. *See* Complaint ¶16.

On November 18, 2011, at 1:15 p.m., Laskaris received a Misconduct report that declared, in material part:

> a. 'MISCONDUCT CHARGE OR OTHER ACTION CLASS 1 #22 POSSESSION OR USE OF A DANGEROUS OR CONTROLLED SUBSTANCE CLASS 1 #16, POSSESSION OF CONTRABAND CLASS 1 #46 THEFT OF SERVICES [AND] REFUSING TO OBEY A[N] ORDER #35.'

> b. 'STAFF MEMBERS [sic] VERSION THIS MORNING AT 0700 HOURS 11/18/11 INMATE

2

[LASKARIS] WAS CALLED TO MEDICAL FOR BLOODWORK, UPON LEAVING MY OFFICE, THIS INMATE WALKED BEHIND ME AND GRABBED A HANDFUL OF ALCOHOL PADS. THIS INMATE ASKS ME FOR ALCOHOL PADS EVERYTIME HE GETS BLOOD DRAWN AND I TELL HIM THAT HE IS NOT PERMITTED TO HAVE THEM.'

Complaint ¶17. Hice issued the Misconduct and Nurse McAnany allegedly witnessed it. *See* Complaint ¶18. On November 28, 2011, at 11:10 a.m., Nunez conducted a Misconduct hearing, as a result of which, Nunez found Laskaris guilty and sanctioned him to 90 days of solitary confinement. *See* Complaint ¶¶19, 21-22.

On December 5, 2011, Laskaris filed an appeal to the Program Review Committee (PRC). *See* Complaint ¶23. The PRC upheld Nunez's verdict. *See* Complaint ¶27. On December 20, 2011, Laskaris appealed from the PRC's decision to Folino. *See* Complaint ¶28. On January 13, 2012, Laskaris received his Appeal Response denying his appeal. *See* Complaint ¶29. On January 19, 2012, Laskaris appealed for Final Review to Lewis. *See* Complaint ¶30. Laskaris received his Final Level Appeal Response on February 6, 2012, which upheld all decisions rendered below. *See* Complaint ¶31.

On February 6, 2014, Laskaris filed a Writ of Summons in the trial court. In 2016, the trial court ordered Laskaris to file a complaint within 90 days. On April 2, 2018, Laskaris filed the Complaint, therein seeking damages for an alleged violation of Section 1983 of the United States Code, 42 U.S.C. § 1983,[2] and

---

[2] Section 1983 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any [s]tate . . . subjects, or causes to be subjected, any citizen of the United States [(U.S.)] . . . to the deprivation of any rights, privileges, or immunities secured by the [U.S.] Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

retaliation and conspiracy claims. On April 23, 2018, Defendants filed the Preliminary Objection alleging that the Complaint was barred by the statute of limitations.[3] On May 25, 2018, Hice filed preliminary objections averring that Laskaris failed to properly plead facts establishing that Hice's actions were not taken in pursuit of a legitimate penological goal. On March 28, 2019, Laskaris filed a Motion for Directed Verdict.

The trial court held oral argument on October 1, 2019, and issued an order denying Laskaris's Motion for Directed Verdict. On November 4, 2019, the trial court sustained the Defendants' Preliminary Objection and dismissed the Complaint. On December 10, 2019, Laskaris appealed to the Pennsylvania Superior Court.[4] By January 22, 2020 order, the Superior Court transferred the matter to this Court.[5]

---

[3] "Although the statute of limitations is to be pled as new matter, it may be raised in preliminary objections where the defense is clear on the face of the pleadings and the responding party does not file preliminary objections to the preliminary objections." *Petsinger v. Dep't of Labor & Indus., Office of Vocational Rehab.*, 988 A.2d 748, 758 (Pa. Cmwlth. 2010). Here, the statute of limitations defense was clear on the face of the Complaint and Laskaris did not file preliminary objections to the Preliminary Objection.

[4] Laskaris's appeal was deemed timely under the prisoner mailbox rule. *See* Pa.R.A.P. 121(f).

[5]
> 'Where a [trial court] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion.' When considering preliminary objections, [this Court] must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is de novo and the scope of review is plenary. Similarly, whether [the statute of limitations] applies is a question of law subject to our de novo review.

*Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018) (quoting *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citations omitted)).

Laskaris argues that the statute of limitations did not bar his Complaint because his claim had not accrued until February 6, 2012, the date he received the Final Level Appeal Response.

Preliminarily, Defendants state in their brief: "Laskaris has waived appellate review of the trial court's dismissal of his [C]omplaint based on the statute of limitations.  Even liberally construing Laskaris's brief, although he mentions the basis for the dismissal, [Laskaris] Br[.] at 2, he develops no argument explaining why the trial court erred."  Defendants' Br. at 11.

However, Laskaris argues in his brief:

> Laskaris'[s] maintained pattern of presenting appellee's [sic] evidence[] to prove his cause of action, accrued when officially sanctioned with a state misconduct report.  This appellee record has neither been disputed by [D]efendant[]s[] nor[] addressed by the [trial] court.  First: (1) [t]**he Chief Hearing Examiner's response was received o/a February 6, 2012**; (2) **Laskaris**'[s] **praecipe was filed February 6, 2014**; (3) the first order was filed February 11, 2014; (4) then Laskaris'[s] next filing, February 18, 2016, was docketed February 22, 2016 - per the annexed 'Certified Record.'

Laskaris Br. at 5 (emphasis added).  Although inartfully stated, it is clear Laskaris believed that the statute of limitations did not begin to run until February 6, 2012, the date he received the Final Level Appeal Response upholding all decisions rendered below.  Accordingly, Laskaris has not waived appellate review and this Court will address his argument.

In his Complaint, Laskaris alleges that Hice violated his civil rights by filing a false Misconduct against him on November 18, 2011, in retaliation for helping Stallsworth sue Medical.  Thus, Laskaris had until November 18, 2013, the expiration of the applicable statute of limitations,[6] to file his Complaint against

---

[6] Laskaris does not contest the two-year statute of limitations.

Defendants and Hice.[7] Laskaris argues that the statute of limitations did not begin to run until after his grievance appeals were exhausted. However, Laskaris knew at the time Hice filed the Misconduct on November 18, 2011, that he was harmed because he knew that the Misconduct was allegedly false and that he received punishment for an act that he allegedly did not commit. *See Boyd v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 1897 C.D. 2016, filed August 16, 2017) (Inmate was harmed at the time Misconduct was filed);[8] *see also* Complaint ¶¶ 48-49.[9] Consequently, Laskaris's grievance appeals did not toll the statute of limitations for his Section 1983 action for monetary damages. Accordingly, the trial court did not err by sustaining the Preliminary Objection and dismissing the Complaint.

---

[7] The fact that Laskaris included the hearing examiners and the Superintendent as defendants in his Complaint for denying his grievance appeals cannot extend the statute of limitations for this original jurisdiction claim for monetary damages. Specifically, Laskaris's conspiracy allegations were not based on a conspiracy to retaliate against him but, rather, on the deficiency of the Misconduct hearings themselves. *See Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa. Cmwlth. 2003) ("A complaint claiming civil conspiracy must allege material facts which will either directly or inferentially establish elements of conspiracy. [Laskaris] does not allege facts indicating a conspiracy or an agreement to act unlawfully, but merely makes bare allegations that prison officials did so.") (citation omitted).

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

[9] On November 18, 2011[,] at a bit past 7 [a].[m].[,] as [] Hice began to draw [Laskaris's] blood[,] he stated to [Laskaris]: 'So[] I hear you're helping [] Stallsworth sue us here at Medical. Bad Choice; very, very, bad, bad choice. I have a strong feeling that before today's over, you'll have a change of heart'.

. . . . Sure enough[,] before the day was over[,] [] Hice had [Laskaris] placed in punitive solitary for the next 90 days; b[]ased on the perjured testimony given by [] Hice against [Laskaris][,] because [Laskaris] dared [sic] exercise his right and encouraged others to do [sic] same[,] which in and of itself is protected by the [First Amendment to the U.S. Constitution, U.S. Const. amend. I].

Complaint at 10-11.

6

For all of the above reasons, the trial court's order is affirmed.


_____

ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Laskaris,            :
          Appellant       :
                      :
        v.               :
                      :
                      :    No. 230 C.D. 2020
Michael Hice, et. al.         :

## O R D E R

AND NOW, this 26th day of February, 2021, the Greene County Common Pleas Court's November 4, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge