IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian and Virginia Kerslake and :
William and Cheryl Wardle, :
                     Appellants :
                :
         v. : No. 1342 C.D. 2021
                      : Submitted: October 28, 2022
Sunoco Pipeline, L.P. and :
Energy Transfer Partners, L.P. :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                                 FILED: May 18, 2023

       Brian and Virginia Kerslake, and William and Cheryl Wardle (Appellants), appeal from an order entered in the Court of Common Pleas of Chester County (trial court) on June 14, 2021, sustaining the preliminary objections of Sunoco Pipeline, L.P. and Energy Transfer Partners, L.P. (Appellees) and dismissing Appellants' complaint for failure to exhaust their administrative remedies. We vacate and remand the matter for proceedings consistent with this memorandum.

## I. BACKGROUND

       On September 10, 2020, Appellants filed a civil complaint, alleging negligence, fraudulent misrepresentation, violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL),[1] private nuisance, intentional infliction of emotional distress, and requesting a declaratory judgment. *See* Compl., 9/10/20, at 13-20. The allegations were made in connection with the construction and drilling

---

[1] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1-201-9.3.

of Mariner East 2, a pipeline that would transport natural gas liquids from the Marcellus and Utica Shale fields to Pennsylvania. *See id.* at 6. Construction would use horizontal directional drilling. *See id.* Appellants are homeowners who, in 2015, had granted permanent easements to Appellees. *See id.* at 7.

The complaint further alleged that Sunoco had "purposefully using subterfuge and false statements purchased easements for Mariner East 2 through several residential neighborhoods." *See* Compl. at 6. Essentially, Appellants claimed that they had granted the permanent easements based on Appellees' representations that the project would last only 2 to 6 weeks, cause minimum impact to their property and minimum disruption to their daily lives, and that the worst of the drilling would occur out of plain view. *See id.* at 7-8. Appellants claimed that the work took longer and was more invasive than promised. *See id.* at 7-11. Accordingly, they filed their civil action, seeking damages, costs, a declaratory judgment rendering the easement null and void, and any other relief appropriate. *See id.*

On November 16, 2020, Appellees filed preliminary objections by demurrer to Appellants' complaint, averring amongst other arguments that initial jurisdiction was properly before the Pennsylvania Public Utility Commission (PUC), and Appellants filed a response in opposition. *See* Prelim. Objs., 11/16/20, at 1-17. Appellants filed an amended complaint; Appellees filed preliminary objections to the amended complaint. The trial court granted Appellees' objection and dismissed the amended complaint based upon Appellants' failure to exhaust administrative remedies.[2] Appellants timely filed a notice of appeal to this Court.

---

[2] The trial court did not reach the remainder of Appellees' objections and, as they are not pertinent to the instant appeal, we will not further discuss them.

## II. ISSUE

Appellants contend that the trial court erred in dismissing their amended complaint for failure to exhaust administrative remedies before the PUC. *See* Appellants' Br. at 4. Essentially, according to Appellants, their claims fall outside the scope of the PUC's jurisdiction because their claims do not challenge the reasonableness or adequacy of Appellees' service but rather involve their allegedly fraudulent misrepresentations to Appellants. *See id.* at 10-12.

## III. ANALYSIS[3]

In matters concerning the relationship between public utilities and the public, primary jurisdiction is in the PUC, not the courts. *See PPL Elec. Utils. Corp. v. City of Lancaster*, 214 A.3d 639, 649 (Pa. 2019) (*citing Borough of Lansdale v. Philadelphia Elec. Co.*, 170 A.2d 565 (Pa. 1961)). Historically, "the reasonableness, adequacy and sufficiency of public utility service are all matters within the exclusive original jurisdiction of the PUC." *DiSanto v. Dauphin Consol. Water Supply Co.*, 436 A.2d 197, 199 (Pa. Super. 1981).[4] This is the case in a variety of situations, including "rates, service, rules of service, extension and expansion, hazard to public safety due to use of utility facilities, installation of utility facilities, location of utility facilities, obtaining, alerting, dissolving, abandoning, selling or transferring any

---

[3] "Where a [trial court] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018). "When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom." *See id.* Objections should be sustained only where "based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *See id.* A preliminary objection by demurrer presents a question of law for which our standard of review is *de novo* and our scope of review plenary. *See id.*

[4] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

3

right, power, privilege, service franchise or property and rights to serve particular territory." *See PPL Elec. Utils. Corp.*, 214 A.3d at 649-50. Specifically, the Pennsylvania Supreme Court has held that the installation of utility facilities is a matter in which the PUC has primary jurisdiction. *Lansdale*, 170 A.2d at 566-67.

The General Assembly deliberately "vested in the PUC exclusive authority over the complex and technical service and engineering questions arising in the location, construction and maintenance of all public utilities facilities." *See PPL Elec. Utils. Corp.*, 214 A.3d at 650. However, the PUC is not empowered to decide private contractual disputes between a citizen and a utility. *See DiSanto*, 436 A.2d at 199; *see also ARIPPA v. Pa. Pub. Util. Com'n*, 966 A.2d 1204, 1208 (Pa. Cmwlth. 2009). "When a utility's failure to maintain reasonable and adequate service is alleged, regardless of the form of the pleading in which the allegations are couched, it is for the PUC initially to determine whether the service provided by the utility has fallen short of the statutory standard required of it." *See DiSanto*, 436 A.2d at 199 (citation omitted).

According to Appellants, the PUC's primary and exclusive jurisdiction concerns the adequacy, efficiency, safety, and reasonableness of public utility services, and, instead, characterize their dispute with Appellees as a private contractual dispute between a citizen and a utility involving non-service-related matters. *See* Appellants' Br. at 9-11. Appellants contend that such disputes are outside of the jurisdiction of the PUC. *See id.* Additionally, Appellants contend they were not required to exhaust administrative remedies in front of the PUC, because (1) administrative remedies do not need to be exhausted where a case does not involve the reasonableness or adequacy of services, facilities, and rates, and (2)

4

the administrative remedies are inadequate with respect to the damages that they sustained. *See* Appellants' Br. at 9, 13.

Appellees respond that the trial court properly concluded that the claims fell within the PUC's primary jurisdiction and require exhaustion of administrative remedies. *See* Appellees' Br. at 15. Specifically, Appellees point out that the allegations intrude on the "complex technical service and engineering questions" which the General Assembly committed to the PUC's exclusive authority. *See id.* at 14. Appellees contend that established case law precludes Appellants' attempts to frame their claims using tort and contract terminology in order to place their complaint outside of PUC jurisdiction. *See id.*

Accordingly, we must determine whether this dispute concerns the construction and installation of public utilities or, as Appellants contend, a private contractual dispute. *DiSanto* is instructive. In that case, a public water utility appealed from the dismissal of its preliminary objections to a real estate developer's complaint. *DiSanto*, 436 A.2d at 198. The utility and developer had an agreement for the installation of a water main and customer service lines, but following a dispute over pricing, the developer instituted an equity action seeking compensatory and punitive damages as well as injunctive relief, alleging that the contractual agreement had been wrongfully procured. *See id.* at 198-99. The Superior Court framed the pertinent question as whether the facts of the case involved issues "contractual or not, concerning the reasonableness, adequacy and sufficiency of public utility service . . . or whether the facts of this case constitute only a private contractual dispute." *See id.* at 200. Ultimately, the Superior Court determined that where the questions at the core of the controversy deal with matters within the PUC's

jurisdiction, the matter "should be heard initially by the PUC instead of by the courts." *See id.* at 201.

However, this Court later distinguished *DiSanto*. *See Pettko v. Pa. Am. Water Co.*, 39 A.3d 473, 479 (Pa. Cmwlth. 2012). In *Pettko*, the petitioner brought not only claims that were within the primary jurisdiction of the PUC, but also claims under the UTPCPL. *See id.* at 484. Ultimately, the Court concluded that although *DiSanto* supported the notion that the PUC could provide relief for breach of contract and conversion claims, the UTPCPL claims were distinct and not within the PUC's power to grant relief. *See id.* Thus, because the PUC could not make the petitioner whole, it did not have primary or exclusive jurisdiction over those claims. *See id.* The Court concluded that the appropriate outcome was to transfer the matter to the PUC and that, if petitioner's action was successful, he could seek additional relief in the trial court for the UTPCPL claims. *See id.* (citing Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a)).

*Pettko* departed from the rule in *Elkin v. Bell Telephone Company of Pennsylvania*, 420 A.2d 371 (Pa. 1980). In that case, the plaintiff raised several issues which were within the jurisdiction of the PUC. *See Elkin*, 420 A.2d at 373-74. The trial court stayed the matter until there was a determination of standards for the services involved by the PUC. *See id.* at 374. The Supreme Court observed that the doctrine of primary jurisdiction allows the agency to make a determination on the issue binding on the courts; once the administrative tribunal determines an outcome for those issues, "then the temporarily suspended civil litigation may continue, guided in scope and direction by the nature and outcome of the agency determination." *See Elkin*, 420 A.2d at 377. *Pettko* simply directed a transfer, without staying the proceedings. However, to avoid any confusion or issue

regarding the statute of limitations that might arise,[5] we adopt *Elkin's* procedure, stay the UTPCPL claim, and allow the trial court to retain jurisdiction. *Elkin*, 420 A.2d at 377. Therefore, the statute will not run during the pendency of the PUC's adjudication.

## IV. CONCLUSION

For the foregoing reasons, we vacate the trial court's order sustaining the preliminary objections and dismissing the amended complaint and remand the matter to the trial court. Upon remand, the trial court shall stay the UTPCPL claims and transfer the remaining issues to the PUC. *Elkin*, 420 A.2d at 377. In the event that Appellants' action before the PUC is successful, they may seek further relief before the trial court under the UTPCPL, because the PUC lacks jurisdiction over claims under the UTPCPL for unfair trade practices. *Pettko*, 39 A.3d at 484.

---

LORI A. DUMAS, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[5] A UTPCPL claim is subject to a six-year statute of limitations. *El-Gharbaoui v. Ajayi*, 260 A.3d 944, 962 (Pa. Super. 2021); *see also* 42 Pa. C.S. § 5527(b) (stating that, "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian and Virginia Kerslake and : 
William and Cheryl Wardle, : 
                    Appellants : 
 : 
        v. :   No. 1342 C.D. 2021
 : 
Sunoco Pipeline, L.P. and : 
Energy Transfer Partners, L.P. : 

# **O R D E R**

AND NOW, this 18th day of May, 2023, the order entered in the Court of Common Pleas of Chester County on June 14, 2021, which sustained the preliminary objection of Sunoco Pipeline, L.P. and Energy Transfer Partners, L.P. and dismissed the amended complaint filed by Brian and Virginia Kerslake and William and Cheryl Wardle for failure to exhaust administrative remedies, is VACATED, and the matter is REMANDED for the trial court to stay the Unfair Trade Practices and Consumer Protection Law (UTPCPL)[1] claims and transfer the remaining matters to the Pennsylvania Public Utility Commission. Jurisdiction relinquished.

 

———————————————————
LORI A. DUMAS, Judge

---

[1] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-2-201-9.3.